IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| SHELLEY HOLDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14-3142-CV-S-ODS-SSA |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Commissioner of Social Security ) | |
| ) | |
| Defendant. ) | |

**ORDER AND OPINION REVERSING COMMISSIONER'S FINAL DECISION DENYING BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS**

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying her application for disability benefits and supplemental security income. The Commissioner's decision is reversed, and the case is remanded for further proceedings.

### I. Credibility Assessment

The ALJ must reevaluate Plaintiff's credibility. The ALJ determined Plaintiff lacked credibility for the following reasons: inconsistent medical data, a failure to follow prescribed treatment to cease smoking,[1] to lose weight and to take her medications, and her daily activities were inconsistent with her allegations of functional limitations.

First, the ALJ did not address whether Plaintiff's failure to lose weight was because of the "effects of medication or inability to exercise due to pain." *O'Donnell v. Barnhart*, 318 F.3d 811, 819 (8th Cir. 2003). On remand, the ALJ must consider whether Plaintiff's failure to lose weight was excusable.

Second, the ALJ determined Plaintiff failed to follow prescribed treatment. However, the only specific reference the ALJ makes to support this contention is that

---

[1] Plaintiff argues the ALJ improperly relied on her failure to quit smoking in discounting her credibility because her musculoskeletal complaints would not be helped if she ceased smoking. However, the ALJ pointed to Plaintiff's failure to quit smoking in the context of her heart and pulmonary issues, not in the context of her musculoskeletal issues. R. at 343-345.

Plaintiff "was not using her inhaler consistently." R. at 14. The Court is not certain this is a fair assessment of Plaintiff's inhaler use. On April 29, 2011, Dr. Brian Kim instructed Plaintiff to use the inhaler "p.r.n." or as needed. R. at 417. On July 29, 2011, Dr. Kim noted Plaintiff was using her inhaler inconsistently and instructed Plaintiff to "withhold the inhalers since she is showing definite improvement." R. at 409-410. On remand, the ALJ must determine whether Plaintiff actually failed to follow prescribed treatment with respect to her inhaler use or otherwise.

Finally, the Court is not convinced Plaintiff's daily activities are inconsistent with her allegations of functional limitations. Plaintiff's daily activities include doing the dishes, doing the laundry, driving and grocery shopping with help. R. at 177, 180. The Court notes Plaintiff's daily activities may be of the type which the Eighth Circuit has "held are not substantial evidence of the ability to do full-time competitive work." *Harris v. Sec'y of Dept. of Health & Human Servs.*, 959 F.2d 723, 726 (8th Cir. 1992); s*ee also Rainey v. Dept. of Health & Human Servs.*, 48 F.3d 292, 293 (8th Cir. 1995). On remand, the ALJ must determine whether Plaintiff's minimal daily activities actually are inconsistent with her allegations of functional limitations.

Although the other reasons the ALJ cited to discount Plaintiff's credibility still may be proper, it is not for the Court to determine Plaintiff's credibility. *See Johnson v. Apfel*, 240 F.3d 1145, 1147 (8th Cir. 2001) ("The ALJ is in the best position to determine the credibility of the testimony…") Accordingly, on remand, the ALJ should reassess Plaintiff's credibility.

## II. <u>Borderline Age</u>

Under the sequential evaluation process, if the claimant has demonstrated that she is unable to do past relevant work, at Step 5 the burden shifts to the Commissioner to demonstrate "there are jobs in the national economy that the claimant can perform." *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). "[T]he Commissioner may carry this burden by referring to the medical-vocational guidelines…which are fact-based generalizations about the availability of jobs for people of varying ages, educational backgrounds, and previous work experience, with differing degrees of exertional impairment." *Id.* at 1219 (citations and quotations omitted).

2

Under these guidelines, there are three age categories, "a younger person (under age 50), a person closely approaching advanced age (ages 50-54), and a person of advanced age (age 55 or older)." *Phillips v. Astrue*, 671 F.3d 699, 702 (8th Cir. 2012). The Commissioner should not apply these age categories mechanically when a claimant is "within a few days to a few months of reaching an older age category." *Id.* (citations and quotations omitted). A "sliding scale" approach is used to determine the appropriate age category in a borderline age situation, in that "the claimant must show progressively more additional vocational adversity(ies) – to support the higher age – as the time period between the claimant's actual age and his or her attainment of the next higher age category lengthens." *Id.* (citations and quotations omitted). Additional vocational adversities include things such as a marginal ability to communicate in English, work history in an unskilled job in one isolated industry or work setting, and "impairments which infringe[ ] upon – without substantially narrowing – a claimant's remaining occupational base." *See* Application of the Medical-Vocational Guidelines in Borderline Age Situations, Soc. Sec. Admin, Office of Hearings and Appeals, *Hearings, Appeals, and Litigation Law Manual* (HALLEX) II-5-3-2, 2003 WL 25498826.

At the time of the hearing, Plaintiff was five months away from attaining the next age category – a person approaching advanced age. Had the ALJ placed Plaintiff in the next age category, the grids would have determined Plaintiff was disabled. *See* 20 C.F.R. Part 404, Subpart P, Appendix 2, §§ 201.14, 201.21. Here, Plaintiff claims two additional vocational adversities. First, Plaintiff asserts she has additional impairments which infringe on her occupational base. Plaintiff notes the ALJ found she had severe impairments including "diabetes; chronic pain syndrome; arthritis; degenerative disc disease of the cervical spine; asthma; hypertension; gastroesophageal reflux disease; sleep apnea; and obesity." R. at 12. The ALJ concluded Plaintiff had additional limitations which impeded her "ability to perform all or substantially all of the requirements" of sedentary level work. R. at 16. On remand, the ALJ must determine whether these impairments present an additional vocational adversity.

Second, Plaintiff contends her work history presents an additional vocational adversity because she has worked only as a nurse's assistant and potentially has no

3

transferable skills.  On remand, the ALJ must determine whether Plaintiff's work experience presents an additional vocational adversity.  Finally, the ALJ must consider whether Plaintiff should be placed in a higher age category.

The Court acknowledges Defendant's arguments regarding whether additional vocational impairments exist.  Nothing herein should be construed as suggesting Plaintiff should be placed in the next age category.  That is a matter for the ALJ to decide in the first instance.  The Commissioner's decision is reversed and remanded so these matters can be considered.


IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: February 4, 2015           UNITED STATES DISTRICT COURT